Filed 6/6/25  P. v. Smith CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063885 |
| v. | (Super. Ct. No. C-43614) |
| LARRY DONALD SMITH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　\*　　　\*

In 1980, a jury found Larry Donald Smith guilty of murder and kidnapping. The jury found true an allegation that the victim, Carolyn Bealer, suffered bodily harm, and found true a murder during a kidnapping special circumstances enhancement. The trial court sentenced Smith to life in prison without the possibility of parole.

In 2021, Smith filed a petition seeking to vacate his murder conviction under former Penal Code section 1170.95 (now Pen. Code, § 1172.6).[1] In 2024, after presiding over an evidentiary hearing, the trial court denied the section 1172.6 petition.

In this appeal, appointed appellate counsel filed a brief raising no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 (*Delgadillo*).) However, counsel identified one issue to assist the court in conducting its independent review: "Does substantial evidence support the trial court's finding that appellant is guilty of murder under current law?" (Boldface omitted.) (See *Anders v. California* (1967) 386 U.S. 738.) Smith has not filed a supplemental brief on his own behalf.

In the interests of justice, this court independently reviewed the record and found no arguable issues.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)

I.

BRIEF FACTS AND PROCEDURAL HISTORY

In January 1979, Smith had been involved in a fraudulent

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10); all further undesignated statutory references are to the Penal Code.

investment scheme. Smith's investors began demanding the return of their money. Smith offered a friend $20,000 to assist him in kidnapping a woman (Bealer), whose brother (Larry Fox) owned a large construction company. Smith's friend declined the invitation.

In August 1979, Bealer called her brother Fox and told him that she had been kidnapped. Using a disguised voice, Smith got on the line and said that he would call back with further instructions. The following day, at about 7:00 a.m., Smith called Fox and demanded $100,000 for Bealer's release. About 8:30 a.m., Smith launched a small boat from Newport Dunes. At about 9:45 a.m., a witness saw the boat approach a dock in Dana Point. Smith's face was smeared with blood. At one point, Bealer attempted to stand up, but Smith pushed her back down. The boat then left the harbor.

Smith later told police that he had been forced to participate in the kidnapping by two men he knew only as Jack and Ray. Smith said that Jack and Ray had taken Bealer out to sea in the boat while he remained ashore. Blood drops were found on the boat's seats. The pattern of the blood spatter was consistent with a hypothesis that Bealer had been struck several times with a blunt instrument. At trial, Smith changed his story and said that he was on the boat with Jack and Ray, but Jack had inflicted the injuries to Bealer. Bealer's body was never found.

*Relevant Court Proceedings*

On October 28, 2021, after Smith filed the section 1172.6 petition, the trial court found that Smith had established a prima facie basis for relief and set the matter for an evidentiary hearing.

On April 6, 2022, the People filed a supplemental response and

3

lodged the reporter's transcripts of the 1980 jury trial.

On March 5, 2024, the trial court denied Smith's section 1172.6 petition in a written order:

"After considering the trial testimony, the . . . briefs, and arguments of counsel, the Court finds by proof beyond a reasonable doubt that the petitioner alone killed the victim and at the time he did the lethal acts, he harbored the state of mind of premeditation and deliberation. The petitioner 'is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1,2019,' and the recall petition is DENIED.

"In reaching this decision, the Court concluded the following. [¶] 1. The petitioner had a motive, due to personal investment liabilities, to kill the victim to obtain money as ransom in a plot to kidnap her. [¶] 2. The petitioner had a pre-homicide plan to kidnap the victim to obtain ransom money from the victim's brother from the testimony of Charles [R.], which the Court found credible. [¶] 3. The victim was last seen alive, struggling with the petitioner on a boat leaving Dana Point Harbor from the testimony of Donald [K.], which the Court found credible. [¶] 4. The petitioner made false and misleading post-homicide statements about the existence and the participation of 'Ray and Jack' during the homicidal acts." (Fn. omitted.)

## II.
## DISCUSSION

When a defendant's appellate counsel identifies no arguable issues on appeal, an appellate court may independently review the record for arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230.)

4

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be sch that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have independently reviewed the record on appeal. We agree with appellate counsel's analysis that there are no "arguable issues," including the one identified issue. (See *Anders v. California, supra,* 386 U.S. 738.) That is, we find substantial evidence in the record to support the trial court's finding that Smith is guilty of murder under current law.

## III.
## DISPOSITION

The trial court's order denying Smith's section 1172.6 petition is affirmed.

MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.

5